IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOKIN LYNN ROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1387 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

AND NOW, this 18th day of March, 2019, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 13) filed in the above-captioned matter on June 14, 2018,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on May 15, 2018,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

Plaintiff, Tokin Lynn Roy, filed a claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, and for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f, effective January 10, 2013, claiming that he became disabled on June 30, 2012, due to leg and back issues, asthma, arthritis, depression, and anxiety. (R. 10, 136-44, 145-51, 165). After being denied initially on August

27, 2013, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") dated October 28, 2013. (R. 81-85, 86-90, 91-92). A Notice of Hearing was purportedly sent by the Social Security Administration ("SSA") on November 24, 2014, indicating that the hearing before the ALJ was scheduled for January 7, 2015, at 12:30 pm. (R. 100-113). The Notice stated that the ALJ may dismiss Plaintiff's request for a hearing if Plaintiff did not attend the hearing and the ALJ found that he did not have a good reason for doing so. (R. 100). The Notice also requested that Plaintiff return the enclosed acknowledgement of receipt form at the earliest possible opportunity. (R. 101, 117).

Plaintiff alleges that he never received this Notice, and, in any event, no acknowledgement of receipt form was ever received by the SSA. Accordingly, on December 24, 2014, the SSA purportedly sent a "Notice of Hearing-Important Reminder" to the same address indicating that it had not received the form and instructing Plaintiff to call the listed number to discuss whether he planned to come to the hearing and, if not, why. The Reminder further stated that if Plaintiff failed to appear at the hearing without a good reason, the ALJ will dismiss his request for a hearing without further notice. (R. 123). There is no indication that the SSA ever received any response from Plaintiff to this Reminder.

On January 7, 2015, the hearing commenced as scheduled. (R. 38-49). Plaintiff was not present for this hearing. His counsel, however, was present, and she indicated that she was unsure regarding Plaintiff's intentions and that she had attempted to get in touch with Plaintiff without success. (R. 40-41). The ALJ indicated his intent to proceed with the hearing in Plaintiff's absence, to issue to Plaintiff a notice to show cause for failure to appear, and to hold a supplemental hearing if Plaintiff was able to demonstrate good cause for his absence, and

counsel stated that she had no objection to that procedure. (R. 40). Accordingly, the hearing was held, consisting primarily of testimony from the vocational expert who was present.

That same day, January 7, 2015, the SSA mailed, again to the same address, a letter instructing Plaintiff to return the enclosed Request to Show Cause for Failure to Appear within 10 days of the date of the letter. (R. 130-31). Plaintiff responded via a letter dated January 13, 2015, stating that he had just recently become aware that a hearing had been scheduled in his case and indicating that he had not received notice of the hearing, or if so, that it had been inadvertently destroyed and discarded when his son poured milk on some of his mail. He further attested that the reason he did not attend the hearing was that he was unaware that it had been scheduled and that he still wished to pursue his case. He asked for the hearing to be rescheduled. (R. 133). There appears to have been no other communication regarding the issue prior to the ALJ's issuance of his decision denying Plaintiff's request for benefits on February 17, 2015. (R. 10-21).

In his February 17 decision, the ALJ found that Plaintiff failed to demonstrate good cause for his absence from the hearing and that he had constructively waived his right to appear and testify at the hearing. (R. 11). In so finding, the ALJ noted that neither the November 24 Notice of Hearing or the December 24 Reminder had been returned to the SSA by the United States Post Office. He further explained that he found the reasons advanced by Plaintiff for his failure to receive the notices to be unpersuasive, including the spilled milk incident and Plaintiff's claim that he had been out of the house for a period of time, during which he implied that he did not receive mail. The ALJ further stated that his purported reasons for not receiving notice did not explain why he did not contact his attorney to determine if a hearing had been scheduled. He concluded that Plaintiff failed to show even a modicum of diligence and had therefore not shown

good cause for his absence. (R. 10-11). The ALJ proceeded to decide the case based on the other record evidence, ultimately concluding that Plaintiff was not disabled.

The Appeals Council declined to review the ALJ's decision on August 21, 2017. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

Based on this procedural history, before considering the merits of the ALJ's decision, the Court must resolve the threshold issue of the whether the ALJ properly found that Plaintiff lacked good cause for missing his scheduled hearing and that he therefore had constructively waived his right to appear. Although the Court believes that the ALJ certainly reacted reasonably to the situation, it finds that substantial evidence does not support his findings regarding Plaintiff's failure to attend the hearing. As such, it will remand the matter for further consideration.

The right to a hearing in which witnesses may testify and evidence may be received is an important part of the Act. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995); 42 U.S.C. . § 405(b)(1). The SSA itself has stated that "experience shows that a disability issue may best be resolved on the basis of detailed testimony as to the individual's activities, background, experience, etc., presented at the hearing." SSR 79-19, 1979 WL 15541, at *2 (1979). Accordingly, the SSA, in light of the importance of the hearing process, takes waivers of such hearings very seriously.

The issue here, of course, is not that Plaintiff was not given the opportunity to appear at a hearing, but rather that he failed to attend the one that had been scheduled for him. Given the situation, where Plaintiff failed to appear, but his counsel did appear, the ALJ properly followed the instructions set forth in the Hearing, Appeals, and Litigation Law Manual ("HALLEX") 1-2-

4-25,[1] which provides that when a representative, but not the claimant, appears at a hearing, the ALJ may find that the claimant constructively waived his right to appear if: (1) the representative is unable to locate the claimant; (2) the Notice of Hearing was mailed to the claimant's last known address; and (3) the contact procedures required by 20 C.F.R. §§ 404.938 and 416.1438 have been followed. As noted above, Plaintiff's counsel stated on the record that she had been unable to get in touch with Plaintiff (R. 41), and there is no indication that the Notice was not sent to the proper address. Further, it appears that the required contact protocol had been followed.[2] The ALJ, rather than determining at the hearing that Plaintiff had constructively waived his right to appear, followed the procedure set forth in HALLEX 1-2-4-25.D.2.b, proceeding with the hearing and advising the representative that he would send a Request to Show Cause of Failure to Appear to Plaintiff. The Request to Show Cause was sent and received by Plaintiff, who promptly responded. After considering the response, the ALJ found a lack of good cause and a constructive waiver.

Therefore, the ALJ followed the proper procedure in dealing with the issue of Plaintiff's failure to show for his hearing. However, the Court finds that substantial evidence does not support the ALJ's finding that Plaintiff lacked good cause for failing to appear because he focused not on the reason given by Plaintiff for not attending, but on Plaintiff's explanations for

---

1 The Court notes that HALLEX, a manual containing SSA policy and operating instructions, does not have the force of law. See Edelman v. Comm'r of Soc. Sec., 83 F.3d 68, 71 n.2 (3d Cir. 1996); Bordes v. Comm'r of Soc. Sec., 235 Fed. Appx. 853, 859 (3d Cir. 2007). However, it provides a good framework for discussing the issues in this case.

2 The Court notes that the regulations set forth at Sections 404.938 and 416.1438 do not actually provide for the proper procedure where, as here, the attempt to contact a claimant who has not acknowledged receipt of the Notice of Hearing fails. The regulations indicate that if the claimant says that he or she did not receive the Notice, an Amended Notice will be sent by certified mail. This, of course, assumes that successful contact has been made. Here, no successful contact was made, as the SSA received no response to the Reminder it sent on December 24, 2014.

the reason. Accordingly, the Court is remanding for a clearer record to be made in regard to this issue.

The actual reason Plaintiff gave for not attending the hearing in his January 13 response was that he was unaware that it had been scheduled, having not received notice of any such hearing. He went on to speculate as to why this may have happened, but the reason he gave for not attending is that he had no notice. In finding that this did not constitute good cause, the ALJ focused on the possible reasons Plaintiff gave as to why he did not receive notice – that it had been thrown out when his son poured milk on it and that he had been away from home – rather than the alleged reason for not attending the hearing. In other words, while Plaintiff speculated as to what may have happened to the Notice, he did not allege that he failed to attend the hearing because his son spilled milk on the Notice or because he had recently been out of town. His stated reason for not attending was that he did not know about the hearing. While the ALJ certainly touched on this issue, he focused more on the two possible explanations for his failure to receive notice, finding "both reasons advanced by the claimant unpersuasive." (R. 10).

The central issue, though, was not why he did not receive notice, but if he did or did not, and whether the fact that he did not would constitute good cause. While these questions are certainly intertwined, there are more issues to consider than simply the validity of the potential explanations provided by Plaintiff. The ALJ did not, for instance, make a finding that the Notice and Reminder were, in fact, actually sent by the SSA, and did not address the issue of both being sent during the very busy holiday mail season. Likewise, while he discussed how Plaintiff could have learned about the hearing from talking to his attorney, the record is very vague about the frequency and nature of the communication between Plaintiff and his counsel. Discounting Plaintiff's possible explanations may have been part of the analysis, but the record remains fairly

undeveloped as to whether Plaintiff did or did not, in fact, received the documents mailed by the SSA.

By no means does the Court find the ALJ to have acted unreasonably at any point of this procedure. This Court has also dealt with the difficulty of finding the balance between providing claimants a chance to be heard and ensuring the efficient functioning of the system. It is out of an abundance of caution, particularly in light of the importance of the right to a hearing, that the Court remands this matter for a more focused determination as to whether good cause existed for Plaintiff's failure to attend the January 7, 2015 hearing. The Court does not necessarily disagree that Plaintiff has not shown good cause; it merely believes that the core basis for his stated reason needs to be more directly addressed. If the ALJ finds that Plaintiff did have good cause, a supplemental hearing should be held.

Accordingly, the case is remanded to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record